UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:11-cv-868 |
| Petitioner, | Spiegel, J.<br>Bowman, M.J. |
| v. | |
| RANDALL S. COLLINS, | |
| Respondent. | |

**REPORT AND RECOMMENDATION**

Most of the background of this proceeding was related in the Court's Order of July 26, 2012 (Doc. 11), but is repeated herein for the convenience of the Court.  Currently pending before the Court is Petitioner's motion to hold Respondent in civil contempt.

**I. Background**

On December 13, 2011, Petitioner filed a petition to enforce an administrative summons issued by the Internal Revenue Service, based upon the Respondent's alleged refusal to comply with that summons. (Doc. 1).  The undersigned magistrate judge issued an order to show cause, directing Respondent to appear in this court on March 19, 2012 to show cause why he should not be compelled to comply with the summons. (Doc. 2). After Respondent failed to appear or to comply with that order, the Court entered an enforcement order and judgment on April 16, 2012 (Doc. 8).  That order explained that Petitioner's representative, AUSA Leslie Fisher, had received a voicemail from Respondent stating that he had mailed the requested information to the Internal Revenue Service on

April 14, 2012. As of April 16, 2012, the requested information had not been received; therefore, the Court ordered Respondent to "obey the aforementioned summons" by producing the requested information and by appearing before Revenue Officer C. Culyer "or any other proper officer or employee of the Internal Revenue Service." (*Id.*).

The Court's April 16 Order contained no specific deadline for compliance, but on June 21, 2012, after allowing a reasonable period of time for compliance, Petitioner filed a motion for civil contempt. (Doc. 10). The motion is supported in part by the Declaration of Revenue Officer Culyer, who attests that she received some information from Respondent Collins by mail, but not all the information requested. Officer Cuyler personally spoke to Respondent by telephone and informed him of the deficiencies in the information received, and on April 26, 2012, attempted to personally serve Respondent with the IRS Form 9297 and a copy of the Court's April 16, 2012 order at his parents' Middletown, Ohio address.[1]

On July 26, 2012, this Court filed what was intended to be a final "Order to Show Cause," permitting Respondent one "final opportunity to show cause why he should not be held in civil contempt." (Doc. 11 at 2). *See, e.g., United States v. Grable,* 98 F.3d 251 (6th Cir. 1996)(district court directed respondent to show cause why he should not be held in contempt, and held contempt hearing prior to holding respondent in contempt). The July 26 Order directed Respondent to appear before the undersigned on August 22, 2012 at 11:00 a.m. to show cause why he should not be held in civil contempt for failing to comply

---

[1] A Certificate of Service filed by Petitioner reflects prior service of the original petition to enforce its summons by the same method, through service on Respondent's father at Respondent's parents' address, where Respondent is believed to reside. (Doc. 6).

with the previously enforced administrative summons, and warned Respondent that if he failed to appear, "it is likely that the undersigned will recommend that Petitioner's motion to hold Respondent in civil contempt be granted, and will further recommend that a warrant issue for Respondent's arrest on civil contempt." (*Id.* at 3). Plaintiff did not appear on August 22, 2012, but in light of the representation of counsel for the Internal Revenue Service that service had not been perfected, the hearing was continued to October 30, 2012, and a final Order to Show Cause was reissued. (Doc. 14).

## II. Evidentiary Hearing and Analysis

A certificate of service confirms that service was accepted by Respondent's father at Respondent's current residence on August 30, 2012. (Doc. 15). However, on October 30, 2012, Respondent again failed to appear. Internal Revenue Officer Clare Cuyler did appear on behalf of Petitioner, and testified that Respondent has not filed a tax return since 1999, despite evidence that 1099 forms were issued in his name by his employer for income received as a truck driver. In approximately March of 2011, Revenue Officer Cuyler began working with Petitioner to investigate his income for the 2003-2009 tax years. (Doc. 1-3, Declaration). At the hearing, Officer Cuyler testified that although there is evidence that Respondent is currently employed, the Internal Revenue Service has not identified the place of his current employment. Officer Cuyler testified that Respondent has not been cooperative, and instead has been obstructionist.

In addition to the testimony of Officer Cuyler, counsel for Petitioner represented to the Court that he had received a letter, ostensibly from Respondent, on or about October 26, 2012. A copy of the handwritten letter was tendered to the Court for consideration as

3

an unauthenticated exhibit, though it was not formally admitted into evidence.[2] In the letter, the person identified as Respondent requests "just a little more time to get the rest of my returns done." The letter writer states that, to date, he has completed his 2008, 2009, and 2011 returns. He attributes his problems and the need for additional time to issues with his former employer, as well as to personal issues such as his recent assumption of custody of three grandchildren. Respondent concludes by representing that he "will be all the way in the State of Washington when it is court time," explaining his intended absence from the hearing scheduled for October 30, 2012.

Notwithstanding the letter mailed to Petitioner's counsel, Respondent has utterly failed to comply with the Orders of this Court. The letter simply is not sufficient to excuse those failures. First, Respondent failed to show cause why he should not be compelled to comply with the administrative summons. When the Court directed him to comply with the summons and entered an enforcement order, (Doc. 8), Respondent persisted in failing to comply with that Order. Thereafter, Respondent failed to show cause why he should not be held in civil contempt, despite being expressly warned that his failure to do so could result in a warrant for his arrest on civil contempt. (Doc. 11). The Respondent has repeatedly failed to appear in this Court, despite the Court offering him multiple opportunities to explain himself. Petitioner's agent testified that instead, he has been uncooperative and obstructionist.

The record and testimony of Revenue Officer Cuyler provide more than sufficient grounds to immediately grant Petitioner's motion for civil contempt. However, the Court

---

[2] Having been considered to a limited extent by the Court, the letter has been scanned as an Exhibit to this Report and Recommendation.

4

recognizes that Respondent proceeds *pro se*. Based upon the representations made by Respondent in his letter to Petitioner's counsel, and in consideration of Respondent's pro se status, the Court will recommend that the Petitioner's motion for civil contempt be granted, but will alternatively recommend that the motion be denied if Respondent fully cooperates with Revenue Officer Cuyler, and if the Petitioner moves to withdraw its motion for contempt on or before December 15, 2012.

### III. Recommendation

Accordingly, **IT IS RECOMMENDED HEREIN THAT** : (1) Petitioner's motion seeking civil contempt (Doc. 10) be **GRANTED**; (2) Respondent be **fined $75 per day** for each day the records and other information as demanded by the summons are not produced, starting on the day of receipt of the Order adopting this Report and Recommendation; (3) and that this case be **CLOSED**.

**In the alternative,** *and only if the Petitioner is so satisfied by Respondent's immediate compliance with the summons that it moves to withdraw,* **on or before December 15, 2012**, *its pending motion for contempt*, then in that event alone should the pending motion (Doc. 10) be denied as withdrawn.

                                                    s/ Stephanie K. Bowman  
                                                    Stephanie K. Bowman  
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.

RANDALL S. COLLINS,

    Respondent.

Case No. 1:11-cv-868

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).